IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SEVERIN, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SERRA CATHOLIC and LIBERTY ) | |
| MUTUAL/LIFE ASSURANCE ) | |
| COMPANY OF BOSTON, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

TO:   United States District Court
       for the Western District of Pennsylvania

Defendant Liberty Life Assurance Company of Boston, (incorrectly named in the caption as "Liberty Mutual/Liberty Life Assurance Company of Boston" and hereinafter referred to as "Liberty Life"), and its affiliate Liberty Mutual Insurance Company hereby remove this action to this Court from the Court of Common Pleas of Fayette County, Pennsylvania. In support thereof, Defendants state as follows:

## BACKGROUND

1. On or about December 21, 2009, Plaintiff Thomas Severin filed a Complaint against Serra Catholic and Liberty Life in the Court of Common Pleas of Fayette County, Pennsylvania, No 3524 of 2009 GD. A true and correct copy of the Complaint served on Liberty Life is attached hereto as Exhibit 1.

2. On January 8, 2010, Liberty Life was served with and received a copy of Plaintiff's Complaint via mail.

3. In his Complaint, Plaintiff seeks to recover long term disability benefits under a group disability insurance policy issued by Liberty Life to the Diocese of Pittsburgh, (hereinafter referred to as the "Pittsburgh Diocese"), defined as Central Administration of the Diocese of Pittsburgh, its parishes, schools, cemeteries and related organizations. The Complaint alleges that the group disability policy (hereinafter referred to as the "Pittsburgh Diocese LTD Policy") on which Plaintiff's claim is based is attached to the Complaint as Exhibit A. However, neither the copy of the Complaint served by Plaintiff on Liberty Life, nor the one on file with the Fayette County Court of Common Pleas, includes any exhibits.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Pittsburgh Diocese LTD Policy.

5. Plaintiff was covered by the Pittsburgh Diocese LTD Policy as a result of his employment as a teacher at Serra Catholic High School (hereinafter "Serra Catholic").

6. In addition to naming Liberty Life as a Defendant, Plaintiff's Complaint names Serra Catholic as a Defendant. Liberty Life is without information as to whether Serra Catholic has been served with a copy of the Complaint; as of February 4, 2010, the docket of the Fayette County Court of Common Pleas evidences no proof of service on Serra Catholic.

7. The Pittsburgh Diocese LTD Policy provides in relevant part that "[w]hen Liberty receives Proof that a Covered Person is Disabled due to Injury or Sickness and requires Regular Attendance of a Physician, Liberty will pay the Covered Person a Monthly Benefit after the end of the Elimination Period subject to any other provisions of this policy." Pittsburgh Diocese LTD Policy, Exhibit 1 hereto, Section 4 at page ADOP-LTD-1.1. The Pittsburgh Diocese LTD Policy further provides that "Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder,"

and that "Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding. Id., Section 7 at page ADOP-GNP-2.1/3/6.

8. Plaintiff's claim for benefits under the Pittsburgh Diocese LTD Policy was initially denied by Liberty Life on August 14, 2007. Plaintiff pursued an administrative appeal from Liberty Life's initial determination, and that appeal was denied by Liberty Life's Appeals Unit by letter dated November 5, 2008. Other than providing Liberty Life with a copy of an existing job description for Plaintiff's teacher position, and providing information about Plaintiff's pre-disability salary, neither Serra Catholic nor the Pittsburgh Diocese played any role in, or otherwise were involved in, the initial determination denying Plaintiff's claim for benefits or the decision denying Plaintiff's administrative appeal. To the contrary, in accordance with the terms of the Pittsburgh Diocese LTD Policy, Liberty Life was solely responsible for the decisions denying Plaintiff's claim for benefits under the policy.

9. The sole claim asserted in Plaintiff's Complaint is a claim for breach of contract, alleging that "Defendant breached said contract of insurance by failing to provide the Plaintiff with the timely payment of disability benefits under the contract." Complaint, ¶15. In addition to requesting the payment of disability benefits, Plaintiff also requests an award of prejudgment interest and punitive damages. Complaint at page 4.

10. Based on Plaintiff's age at the time of his alleged disability, the amount of Plaintiff's pre-disability earnings, the potential monthly amount of disability benefits, and the maximum period of benefits applicable to Plaintiff under the Pittsburgh Diocese LTD Policy, the amount in controversy in this case is in excess of $75,000.

**GROUNDS FOR REMOVAL**

11. A district court has original jurisdiction over civil actions involving disputes between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332.

12. Plaintiff Thomas Severin is an individual who resides in, and is a citizen of, the Commonwealth of Pennsylvania.

13. Liberty Life is a Massachusetts corporation whose principal place of business is in Boston, Massachusetts. Liberty Life is an affiliate of Liberty Mutual Insurance Company ("Liberty Mutual"), which is an insurance company organized under the laws of Massachusetts whose principal place of business is in Boston, Massachusetts. Accordingly, Liberty Life and Liberty Mutual are citizens of the Commonwealth of Massachusetts.

14. Serra Catholic is a secondary school with a principal place of business located in McKeesport, Pennsylvania. Serra Catholic is operated by the Pittsburgh Diocese, which is, on information and belief, a non-profit corporation with its principal place of business in Pittsburgh, Pennsylvania.

15. Plaintiff's Complaint asserts no claims against either Serra Catholic or the Pittsburgh Diocese. Also, under the Pittsburgh Diocese LTD Policy, there is no possibility of a judgment being entered against either Serra Catholic or the Pittsburgh Diocese with respect to the breach of contract claim asserted in Plaintiff's Complaint, nor is there any possibility that a judgment could be entered against either of these parties requiring them to pay disability benefits to Plaintiff. To the contrary, from the face of the Complaint, it is clear that there is no colorable cause of action which can be successfully asserted by Plaintiff against either Serra Catholic or the Pittsburgh Diocese with respect to the claims asserted in the Complaint. To the extent

Plaintiff prevails in this case with respect to his claim that he is entitled to disability benefits under the Pittsburgh Diocese LTD Policy, the only party who could be held liable for payment of such benefits would be Liberty Life.

    16. Based on the forgoing, Serra Catholic is either a nominal party or is a party which has been fraudulently joined to defeat diversity jurisdiction.  See In re Briscoe, 448 F.3d 201 (3d Cir. 2006).  Accordingly, the citizenship of Serra Catholic and the Pittsburgh Diocese should be disregarded for purposes of determining the existence of diversity of citizenship.  For the same reason, the consent of Serra Catholic and/or the Pittsburgh Diocese to removal of this case is unnecessary.

    17. Disregarding the citizenship of Serra Catholic and the Pittsburgh Diocese for the reasons stated above, this case involves a dispute between citizens of different states in which the amount in controversy exceeds $75,000.

    18. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, venue is proper under 28 U.S.C. § 1391 because the Complaint was filed in the Court of Common Pleas of Fayette County, Pennsylvania, and this action is removable pursuant to 28 U.S.C. § 1441.

    19. This notice is timely because it is being filed within thirty (30) days after the initial receipt by Liberty Life of the Complaint.  *See* 28 U.S.C. §1446(b).

    20. Pursuant to 28 U.S.C. §1446(d), Liberty Life is giving Plaintiff written notice of removal, and is filing this Notice of Removal with the Prothonotary of the Court of Common Pleas of Fayette County, Pennsylvania.

-6-

WHEREFORE, Defendants Liberty Mutual/Liberty Life Assurance Company of Boston hereby remove this action from the Court of Common Pleas of Fayette County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

  s/ James P. Hollihan
James P. Hollihan, Esq.
Duane Morris LLP
600 Grant Street, 50th Floor
Pittsburgh, PA 15219
(412) 497-1040

Dated: February 5, 2010

Attorneys for Defendant Liberty Mutual/Liberty Life Assurance Company of Boston

## CERTIFICATE OF SERVICE

  I, James P Hollihan, Esquire, hereby certify that on this 5th day of February, 2010, a true and correct copy of the foregoing Notice of Removal was served via first class mail, postage prepaid upon counsel of record as follows:

> Brian Patrick Bronson, Esquire
> Quatrini Rafferty, P.C.
> 550 E. Pittsburgh St.
> Greensburg, PA  15601

              s/ James P. Hollihan
              James P. Hollihan